NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LARRY LEE MOORE,

　　　　　　Plaintiff-Appellant,

　v.

MARICOPA COUNTY JUVENILE
COURT; et al.,

　　　　　　Defendants-Appellees.

No. 18-17003

D.C. No. 2:18-cv-01553-JJT

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted November 18, 2019**

Before:　　CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

　　　Larry Lee Moore appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims for failure to state a

claim under Federal Rule of Civil Procedure 8.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under 28

---

　　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We review for an abuse of discretion a dismissal for failure to comply with Federal Rule of Civil Procedure 8. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). We affirm.

The district court properly dismissed Moore's action because Moore failed to allege facts sufficient to state any plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

The district court did not abuse its discretion by dismissing Moore's action for failure to comply with Rule 8. Despite the district court's warning and instruction, Moore's amended complaint was vague, confusing, and failed to clearly allege the bases for his claims. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry*, 84 F.3d at 1179-80 (affirming dismissal of a complaint because it was "argumentative, prolix, replete with redundancy, and largely irrelevant").

We do not consider matters not specifically and distinctly raised and argued

18-17003

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests and motions are denied.

**AFFIRMED.**